UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS RAY ANDERSON,

    Petitioner,

v.

    Case No. 5:12-CV-14176
    Hon. John Corbett O'Meara

DUNCAN MCLAREN,

    Respondent.
_____/

**OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; see 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; see *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed for lack of subject matter jurisdiction.

Factual Allegations

Petitioner Curtis Ray Anderson presently is incarcerated in the Kinross City Correctional Facility where he is serving a life sentence imposed on April 25, 1990, by the Oakland Circuit Court following his convictions for second-degree murder and commission of a felony with a firearm.

Earlier, in 1985, Petitioner pleaded no contest to two counts of felonious assault. He was sentenced as a fourth-time habitual felony offender to two years of probation with the first 60 days to be served in the Oakland County Jail. Petitioner was discharged from probation by order entered on June 7, 1988.

In the instant habeas petition, Petitioner expressly challenges his 1985 conviction, contending that it was improperly used to enhance the sentence for his murder conviction. Petitioner claims that the 1985 conviction was invalid because evidence was suppressed, and because his trial and appellate counsel were constitutionally ineffective.

Discussion

This Court lacks jurisdiction to grant habeas corpus relief with respect to an attack on Petitioner's January 1985 conviction. "For a federal court to have jurisdiction to grant a petition for a writ of habeas corpus under § 2254, a petitioner must be 'in custody pursuant to the judgment of a State court.'" *Steverson v. Summers*, 258 F.3d 520, 522 (6th Cir. 2001) (quoting 28 U.S.C. § 2254(a)); see also 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States. . . ."). Petitioner is no longer in custody for his prior conviction because the sentence for that conviction has long since expired. Ordinarily, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to

2

render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng v. Cook*, 490 U.S. 488, 492 (1989); *see also Lackawanna County Dist. Att'y v. Coss*, 532 U.S. 394, 401 (2001). The mere fact that Petitioner's prior conviction was used to enhance his current sentence does not render him "in custody" with respect to that conviction. *See Maleng*, 490 U.S. at 492. Thus, the Court lacks jurisdiction to consider an attack on the prior, expired conviction because Petitioner is no longer in custody for it.[1]

The Court in *Maleng* noted, however, that a challenge to a sentence-enhancing prior conviction could be "construed" as a challenge to the petitioner's current sentence (i.e. one for which he is in custody under § 2254), "as enhanced by the allegedly invalid prior conviction." *Id*. at 493. However, Petitioner already has filed an unsuccessful petition challenging his custody for the 1990 murder conviction. *See Anderson v. Kapture*, No. 02-cv-70751 (E.D. Mich. October 3, 2002) (denying petition with prejudice). Thus, were the Court to construe the instant petition as a challenge to Petitioner's 1990 sentence, the challenge would constitute a second or successive habeas petition. The habeas statute imposes stringent requirements on prisoners wishing to file second or successive habeas applications. "Before a second or successive application . . . is filed in the district court, the applicant [must] move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Petitioner has not complied with the foregoing requirement; he has not filed a motion for an order authorizing this Court to consider his petition. Without such authorization, the Court lacks jurisdiction to consider a second

---

[1] I*n Lackawanna*, the Court concluded that such a challenge to the enhanced sentence of a subsequent conviction was limited to cases in which the prior conviction suffered from such radical constitutional defects as the denial of trial counsel under *Gideon v. Wainwright*, 372 U.S. 335 (1963). *See Lackawanna*, 532 U.S. at 404. Petitioner makes no such allegation in his current petition.

3

or successive petition. *See Burton v. Stewart*, 549 U.S. 147, 157 (2007). Consequently, even if the petition is construed as an attack on Petitioner's current sentence, as enhanced by his prior conviction, the Court lacks jurisdiction to consider it.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because the court lacks subject matter jurisdiction.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991(it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

This Court denied Petitioner's application on the procedural ground that it lacked subject-matter jurisdiction. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Both showings must be made to warrant the grant of a certificate. *Id*. The Court finds that reasonable jurists could not debate that this court correctly dismissed Petitioner's claims for lack of subject-matter jurisdiction. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

Order

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas Corpus is SUMMARILY DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that a Certificate of Appealability is DENIED.

IT IS FURTHER ORDERED that Petitioner will be DENIED leave to appeal in forma pauperis.

                                                s/John Corbett O'Meara
                                                United States District Judge

Date: September 21, 2012

5

      I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, September 21, 2012, using the ECF system and/or ordinary mail.

                                             s/William Barkholz
                                             Case Manager